IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MCB MANAGEMENT SERVICES, L.L.C., et al., | ) ) ) |
| Plaintiffs/ Counterclaim Defendants, | ) ) ) ) |
| v. | ) CIVIL NO. AMD 02 CV 525 ) |
| WASHINGTON REGIONAL CARDIAC SURGERY, P.C., | ) ) ) |
| Defendant/ Counterclaim Plaintiff. | ) ) ) ) |

**STIPULATED ORDER REGARDING**
**CONFIDENTIALITY OF DISCOVERY MATERIAL**
(Local Rule 104.13)

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this 15th day of July, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. <u>Designation of Discovery Materials as Confidential</u>. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be

\\\:BA - 80667/0003 - 137993 v1

subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains "confidential information". "Confidential information" shall be defined as a trade secret, confidential research development, confidential commercial information, confidential patient information or sensitive personal information. Except for documents produced for inspection at the party's facilities, and except for documents produced prior to counsel's execution of this Stipulated Order, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. Within fifteen (15) days of the date that Plaintiffs' counsel executes this Stipulated Order, counsel for Plaintiffs shall provide counsel for Defendant with a list of previously produced documents, identified by bates number(s), that Plaintiffs designate as confidential. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of

confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become

subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall

take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. <u>Confidential Information Filed with Court</u>. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED", together with a simultaneous motion pursuant to L. R. 104. 13 (c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L. R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 4 of this Confidentiality Order.

3. <u>Party Seeking Greater Protection Must Obtain Further Order</u>. No information may be withheld from discovery on the ground that

the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4. <u>Challenging Designation of Confidentiality</u>. A designation of confidentiality may be challenged upon motion by the non-designating party. Prior to bringing any such motion, the non-designating party shall inform the designating party of its objection to the designation of specific documents as confidential. The designating party shall then have five business days to respond to the objection, and during such time the non-designating party shall not file its motion challenging the designation of confidentiality. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. <u>Return of Confidential Material at Conclusion of Litigation</u>. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

\\\BA - 80667/0003 - 137993 v1

_____       7/11/02
Mark D. Gately (F. B. No. 00134)      Date
Steven F. Barley (F. B. No. 10049)
Robert A. Cohen (F. B. No. 25278)
HOGAN & HARTSON L.L.P.
111 South Calvert Street
Suite 1600
Baltimore, Maryland 21202
(410) 659-2700

Attorneys for Washington Regional
Cardiac Surgery, P.C.


_____       10 I/02
Gerald P. Martin (F. B. No. 00691)      Date
Steven F. Wrobel (F. B. No. 24985)
Martin, Snyder & Bernstein, P.A.
217 East Redwood Street
Suite 2000
Baltimore, MD 21202

Attorneys for MCB Management Services and
Physician Support Services LLC.


7/15/2002            _____
Date                  The Honorable Andre M. Davis
                          United States District Judge