IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MCB MANAGEMENT SERVICES,   :
LLC, et al.,   :
      Plaintiffs   :
           :
      v.   :    Civil No. AMD 02-525
           :
WASHINGTON REGIONAL   :
CARDIAC SURGERY, P.C.,   :
      Defendant   :

...o0o...

FILED ENTERED
LODGED RECEIVED

NOV 1 2 2002

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

MEMORANDUM

In this diversity case, plaintiffs, MCB Management Services, LLC, a medical

management company, and Physician Support Services, LLC, a medical billing company,

have each asserted a claim for breach of contract against defendant Washington Regional

Cardiac Surgery, P.C. The gravamen of their claims is that defendant wrongfully terminated

its agreements with plaintiffs without first giving them notice of an alleged breach or an

opportunity to cure, pursuant to provisions in the contracts. Defendant has asserted

counterclaims against plaintiffs alleging, *inter alia*, fraud and breach of contract.

Defendant sought the production of plaintiffs' financial statements and related

documents and tax returns from 1996 to the present. Plaintiffs produced all such documents

except their 2002 financial statements and their 2000 and 2001 tax returns. Consequently,

defendant has filed the pending motion to compel the production of the omitted documents

and has certified its attempts to resolve this discovery issue pursuant to Local Rule 104.7.

I.

Plaintiffs argue that defendant's motion to compel is untimely under Local Rule 104.8.a. Local Rule 104.8.a requires that a motion to compel be filed within thirty days of the moving party's receipt of the opposing party's response indicating an unwillingness to comply with the discovery request. L.R. 104.8.a. Plaintiffs document the dates that the parties exchanged correspondence regarding the requested material. *See* Defendant's Exhibit G-H, J-L. It appears that defendant first notified plaintiffs that they did not sufficiently produce the documents at issue in a letter dated July 24, 2002. *See* Defendant's Exhibit G. Plaintiffs responded on July 25, 2002, that the documents requested were either irrelevant or had already been produced, and offered a "counter-proposal" to mutually exchange tax returns for the years at issue. *See* Defendant's Exhibit H. Defendant sent a follow-up letter on August 2, 2002, reiterating its position about the financial documents by explaining that they were relevant and the production of earlier tax returns was a "tacit admission" that the information was both relevant and discoverable. *See* Defendant's Exhibit J. Defendant sent a subsequent follow-up letter on August 16, 2002, asking plaintiffs to state their position so that defendant could "determine whether to bring a motion to compel." *See* Defendant's Exhibit J. Plaintiffs responded unequivocally on August 20, 2002, that they would not produce the tax returns for 2000 and 2001, absent a mutual exchange, or the financial statements for 2002. Defendant served its motion to compel on September 6, 2002.

I agree with defendant that the motion to compel was timely filed. Plainly, the correspondence between the parties after the July 24, 2002, letter and before the August 20,

-2-

2002, letter were attempts to informally resolve the discovery dispute. *See* L.R. 104.7 and 104.8.b.  Plaintiffs' position with respect to the disputed information was not made unequivocally clear to defendant until after defendant received the August 20, 2002, letter. Using the August 20, 2002, letter as defendant's notice that the discovery dispute could not be informally resolved, defendant had until September 19, 2002, to timely file a motion to compel. Defendant filed the motion to compel on September 6, 2002. Accordingly, the motion was timely.

II.

Defendant argues that the financial statements and tax returns it seeks fall well within the scope of allowable discovery requests under of Fed. R. Civ. P. 26(b) and 34(a)(1). Generally, Rule 26(b) allows "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b). Further, the information sought "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 34 allows any party to request that another party produce, within the scope of rule 26(b), any designated documents, including data compilations from which information can be obtained, for inspection. Fed. R. Civ. P. 26(b) and 34(a)(1).

Information is relevant if it "bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D. W. Va. 2000) (citing *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 350 (1978)). "The general subject matter of the litigation governs

the scope of relevant information for discovery purposes." *Kidwiler*, 192 F.R.D. at 199; *see Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977). Further, the party asserting that the information requested is not relevant bears the burden of establishing that the information is not relevant. *Id.*

Defendant maintains that plaintiffs' 2002 financial statements and 2000 and 2001 tax returns "contain financial information that goes to the heart of key issues in this litigation." Defendant's Memorandum in Support of Motion ("Defendant's Memo") at 2. First, defendant alleges that, based on contracts that it entered into with plaintiff MCB in 1998, and with both plaintiffs in 1999, the monthly payments to plaintiffs were to be used "solely to pay [defendant's] overhead expenses," and that plaintiffs undertook not to profit from their contracts with defendant. *Id.*, Exhibit B (Answer and Counterclaims at 10-16). Instead, defendant alleges, plaintiffs misused defendant's monthly payments and funded MCB and PSS employee salaries, bonuses, distributions, and other benefits. *See* Defendant's Memo at 3. Second, defendant claims that the financial statements and tax returns at issue are relevant to establish whether plaintiffs mitigated their alleged damages after the contracts were terminated. *See id.* at 7-8. Finally, defendant argues that plaintiffs have effectively waived any objection to producing the financial and tax documents based on relevancy or privilege because (1) prior to their opposition to this motion, plaintiffs did not specifically object to defendant's requests, *see* Fed. R. Civ. P. 34(b); *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001) (failure to timely object

-4-

waives objection); and (2) plaintiffs actually produced tax returns and financial statements for prior years, *see* Defendant's Memo at 4.

Plaintiffs argue that they have not waived their objection to the financial documents and tax returns at issue because they have always maintained the position that the documents are irrelevant. *See* Opposition at 2; Defendant's Exhibits E, F (Responses to Document Request), H (Correspondence July 25, 2002). Plaintiffs maintain that financial statements for 2002 are not relevant to the issues in the litigation because the contract between the parties was unilaterally terminated in 2001. *See* Opposition at 6. Plaintiffs argue that the tax returns for 1997, 1998, and 1999, were provided because, during those specific years, defendant had an ownership interest in plaintiffs. *See* Opposition at 4; Defendant's Exhibit B at 13-16. As of 2000, however, plaintiffs argue, defendant no longer had an ownership interest in plaintiffs and, therefore, the 2000 and 2001 tax returns are not relevant to establishing defendant's claims. *See* Opposition at 4.

In the alternative, plaintiffs argue that the financial information sought through the 2000 and 2001 tax returns has already been produced in another format. *See* Opposition at 2; Plaintiff's Exhibits E-G (MCB and PSS Monthly Financial Statements for 2000 and 2001, Profit and Loss Statements for 2000 and 2001). Finally, although they voluntarily produced tax returns for the three earlier years, plaintiffs assert that tax returns are protected by a "qualified privilege." *See Gattegno v. PriceWaterhouseCoopers*, LLP, 205 F.R.D. 70, 71 (D. Conn. 2001) (applying a two-part test reviewing (1) the relevance of the requested material and (2) whether a compelling need exists because the requested material is not otherwise

obtainable, to determine whether the production of tax returns should be ordered); *Eastern Auto Distrib., Inc. v. Peugeot Motors of Am.*, 96 F.R.D. 147, 148-49 (D.C. Va. 1982) (same).

III.

Having fully considered the parties' contentions, I am persuaded that the financial statements should be disclosed, but that the tax returns need not be disclosed.

I am not persuaded by plaintiffs' argument that the 2002 financial statement are irrelevant for purposes of this litigation. Plaintiffs' claims and defendant's counterclaims hinge in significant part on a careful review of financial records during the years when both parties existed and were involved in a contractual financial relationship to determine expenses, profits, and damages. Plaintiff MCB was formed just prior to when defendant and plaintiff MCB entered into a contractual agreement in January 1998. The parties used defendant's financial information from 1997 as a basis for comparison and to estimate expected expenses. Defendant entered into a separate agreement with plaintiffs MCB and PSS in November 1999. The two contracts were terminated in August 2001. Accordingly, it is clear that all requested financial information for the years between and including 1997 and 2000 is relevant. The contracts were terminated during mid-2001, thus financial information for 2001 is also relevant.

Defendant argues persuasively that the financial information in the 2002 financial statements will allow them to determine (1) the specific expenses that Plaintiffs should no longer incur because the contracts have been terminated, (2) how the profits plaintiffs allegedly wrongfully gained in 2001 were spent in the proceeding year, and (3) the degree

to which plaintiffs have reduced their expenses. *See* Reply at 3-4. Because plaintiffs have previously provided financial statements for at least 2000 and 2001, there does not appear to be an objection with respect to the format of the information requested. Plaintiffs have not carried their burden to show that the financial statements for 2002 are entirely irrelevant, in the light of defendant's theory of the case.

On the other hand, plaintiffs' desire to retain the confidentiality and privileged status of their 2000 and 2001 tax returns is bolstered by their contention that the information contained in their returns has been "exhaustively provided" to defendant in other documents. I do not find that plaintiffs have waived the confidentiality of the tax returns that have been withheld. Defendant has not satisfied me by their arguments that the privilege should yield under the circumstances here. *See Eastern Auto Distrib., Inc.*, 96 F.R.D. at 149.

IV.

For the reasons set forth, an order shall issue granting in part and denying in part defendant's motion to compel.

Filed: November 12, 2002

ANDRÉ M. DAVIS
United States District Judge

-7-