FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| MCB MANAGEMENT SERVICES, LLC, et al., <br><br> Plaintiffs/ Counterclaim Defendants, <br><br> v. <br><br> WASHINGTON REGIONAL CARDIAC SURGERY, P.C., <br><br> Defendant/ Counterclaim Plaintiff. <br>------------------------------------------------------<br>WASHINGTON REGIONAL CARDIAC SURGERY, P.C., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> WILLIAM BEAM and CHARLES ALBERT ZORN, III, <br><br> Counterclaim Defendants. | CIVIL NO.: AMD 02 CV 525 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**

Defendant/Counterclaim Plaintiff, Washington Regional Cardiac

Surgery, P.C. ("WRCS"), submits this Memorandum of law in support of its Motion

\\\BA - 80667/0003 - 155788 v1

for Leave to File Defendant's Amended Answer to Complaint and Counterclaims in the form attached hereto as Exhibit 1. 1/ By this motion, WRCS seeks to add William Beam ("Mr. Beam") and Charles Albert Zorn, III ("Mr. Zorn") as counterclaim defendants.

WRCS initially asserted counterclaims against plaintiffs MCB Management Services, LLC's ("MCB") and Physician Support Services, LLC's ("PSS") (collectively, "Plaintiffs") for, *inter alia*, breach of contract and fraud. Generally, WRCS alleged that Plaintiffs breached their agreements with WRCS by wrongfully using WRCS's monthly payments for their own improper purposes, including payment of MCB's and PSS's own overhead expenses and to generate profits for MCB and PSS. This use breached the parties' agreements, which required that the payments be used only for payment of WRCS's own overhead expenses. The use of the payments also contradicted representations made by Mr. Beam and Mr. Zorn to WRCS that MCB and PSS were not deriving any profit from their relationship with WRCS, and that WRCS's payments were being used only for payment of WRCS's own overhead expenses.

During discovery, WRCS learned for the first time the full extent of Mr. Beam's and Mr. Zorn's personal and intentional acts to defraud WRCS. Not only did Mr. Beam and Mr. Zorn make misleading statements about MCB's and

---

1/   In accordance with Local Rule 103(6), the proposed Amended Answer to Complaint and Counterclaims is attached as Exhibit 1. For the Court's convenience, a version showing the changes from the original Answer and Counterclaims is attached as Exhibit 2.

PSS's profits and use of WRCS's payments, WRCS now knows that Mr. Beam and Mr. Zorn personally prepared false and misleading financial statements. Mr. Beam and Mr. Zorn kept two sets of books, one they showed to WRCS and one they kept internally. The financial statements that Mr. Beam and Mr. Zorn shared with WRCS purported to show that MCB and PSS did not derive any meaningful profit from their relationships with WRCS and that WRCS's payments were used, as required by the contract, only to pay for WRCS's own overhead expenses. The second set of books – which WRCS did not see or become aware of until discovery in this case – showed a very different picture. The internal books showed that MCB, PSS, Mr. Beam and Mr. Zorn used WRCS's payments for their own purposes, including payment of MCB's and PSS's own overhead expenses and generation of profits for MCB and PSS.

Discovery revealed the extent of Mr. Beam's personal animus toward WRCS. It was revealed during discovery that Mr. Beam told PSS's former President and minority owner that Mr. Beam's view of the WRCS doctors (or, "docs") was to "f**k the docs before they f**k you." (Exh. 3) (excerpt of deposition testimony of Mr. Lawrence Sherman).

During discovery, WRCS also learned that Mr. Beam and Mr. Zorn reaped tremendous personal gains from their fraudulent conduct. Mr. Beam and Mr. Zorn were majority owners of MCB and PSS and used WRCS payments to "award" themselves incredible compensation. Mr. Beam's total compensation for

- 3 -

2000-01 approached $1.3 million and that of Mr. Zorn's approached $800,000. Virtually all of this compensation was wrongly derived from WRCS's payments, as MCB only had two other clients from which it took in only $200,000 in total revenue during 2000.

Rule 15(a) freely allows a party to amend its pleadings, including to add new parties. Mr. Beam and Mr. Zorn will not be prejudiced unfairly by this amendment. Because Mr. Beam and Mr. Zorn completely controlled MCB and PSS, discovery in this matter has focused entirely on Mr. Beam's and Mr. Zorn's acts and whether their acts constituted fraud. Because the acts of Mr. Beam and Mr. Zorn have been at the heart of this case from its very beginning, WRCS's proposed amendment will not generate any need for additional discovery or any delay in this case.

Mr. Beam and Mr. Zorn were the perpetrators of a substantial fraud against WRCS and personally reaped large, personal gains as a result. Mr. Beam and Mr. Zorn are personally liable to WRCS for their fraud, and resolution of WRCS's claims against them should be resolved in this action. For these reasons, the Court should grant WRCS's motion for leave to amend its counterclaims to add Mr. Beam and Mr. Zorn as parties to this action.

## DISCUSSION

WRCS alleged a variety of counterclaims against plaintiffs MCB and PSS, including breach of contract and fraud. In this motion, WRCS does not seek to

add new claims, but instead seeks to add Mr. Beam and Mr. Zorn as counterclaim defendants to the following claims that WRCS already asserted against MCB and/or PSS:  Count II for Fraud in the Inducement – Money Damages (add Mr. Beam), Count IV for Negligent Misrepresentation – Money Damages (add Mr. Beam), Count V for Fraud and Deceit (add Mr. Beam and Mr. Zorn), Count X for Breach of Fiduciary Duty (add Mr. Beam and Mr. Zorn), and Count XI for Unjust Enrichment (add Mr. Beam and Mr. Zorn).

    A.    **Standard of Review.**

Rule 15(a) requires that a party obtain leave of court before filing an amended pleading if a responsive pleading has been filed, but dictates that "leave shall be freely given when justice so requires."  The federal rules strongly favor granting leave to amend, and the Fourth Circuit requires that Rule 15 be construed liberally so that claims can be adjudicated on their merits.  *See Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 191 (4th Cir. 2001); *Medigen of Kentucky v. Public Service Comm'n of West Va.*, 985 F.2d 164, 167-68 (4th Cir. 1993).  Absent bad faith, unfair prejudice or futility, leave to amend should be granted.  *Medigen*, 985 F.2d at 167-68 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Holman v. IMC Mortg. Co.*, 2001 WL 21222 at *6 (D. Md. Jan. 9, 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

When an amendment does not change the substance of a case, does not require additional discovery, and does not prejudice the adverse party, the motion

should be granted even if the claim could have been asserted earlier.  *Medigen*, 985 F.2d at 168.  Delay without prejudice is not a sufficient basis to deny a motion for leave to amend.  *See Edwards*, 178 F.3d at 242; *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000) (citing, *inter alia*, Tefft *v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982)).  A pleading may be amended to add parties to claims already asserted, s*ee, e.g., Friedl v. City of New York*, 210 F.3d 79, 87-88 (2d Cir. 2000), or to add information learned during discover regarding matters contained in the original pleading.  *See Edwards*, 178 F.3d at 243.

    **B.**    **Plaintiff's Motion Should Be Granted Because it is Brought in Good Faith and Because It Will Not Cause Prejudice.**

Plaintiff's motion for leave to file an amended answer and counterclaims should be granted because it is brought in good faith and because MCB, PSS, Mr. Beam and Mr. Zorn will not suffer unfair prejudice from the amendment.

WRCS did not learn the full extent of Mr. Beam's and Mr. Zorn's intentional, wrongful and fraudulent acts until discovery in this case.  WRCS first learned of the "second set of books" that Mr. Beam and Mr. Zorn kept when they were produced during discovery and used during the depositions of Mr. Beam and Mr. Zorn (the deposition of Mr. Zorn is not yet complete).  These books directly contradicted the financial statements that Mr. Beam and Mr. Zorn prepared for WRCS, which falsely represented that MCB and PSS did not derive any substantial profit from WRCS.  *Compare* Exh. 4 (financial statement provided to WRCS

representing that MCB lost $33,486.97 on its contract with WRCS in 2000) *with* Exh. 5 (internal MCB financial statements showing MCB's true $922,584.86 total profit from WRCS in 2000).

WRCS also did not learn until discovery the degree to which Mr. Beam and Mr. Zorn retained a large portion of WRCS's monthly payments for their own personal enrichment. Mr. Beam's total compensation for 2000-01 approached $1.3 million and Mr. Zorn's approached $800,000. (Exh. 6 at 18-19, 23-24) (deposition testimony of Mr. Zorn describing percentage of ownership and distributions); (Exhs. 7-10) (year-end payroll statements). Mr. Beam and Mr. Zorn used WRCS to fund their entire compensation, as MCB had only gross revenues of some $200,000 in total from its two other clients in 2000. (Exh. 6 at 41-42, 48-51). In addition, Mr. Beam used WRCS's payments to lease a BMW 740iL at a cost of $1,100 per month, and Mr. Zorn leased a Dodge Durango at a cost of $600 per month. (Exhs. 11, 12) (rental car receipts).

Mr. Beam's personal motivation to defraud WRCS became clear when former PSS President Lawrence Sherman testified that Mr. Beam told him that Mr. Beam's attitude toward the WRCS doctors was to "f**k the docs before they f**k you." (Exh. 3). This statement was consistent with Mr. Beam's other behavior. For example, when one of the WRCS doctors asked for more information about how Mr. Beam and Mr. Zorn were using WRCS's payments, Mr. Zorn immediately reported the request to Mr. Beam, who called two WRCS administrative assistants to

\\\BA - 80667/0003 - 155788 v1

threaten Dr. Ammar Bafi, the WRCS doctor who had requested the information. (Exh. 13 at 20) (excerpt of deposition testimony of Ms. Nancy Kershner) ("Somebody better tell him that he needs to watch his step."); (Exh. 14 at 16) (excerpt of deposition testimony of Ms. Janice Wolf) ("Dr. Bafi, that guy is getting too big for his britches and he better not be sticking his nose in places where it doesn't belong.").

Maryland law holds a corporation's officers and directors personally liable for their fraudulent acts, even if they are made within the scope of their employment by the corporation. *See Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 450-51 (D. Md. 2002) (Blake, J.) (allowing claims against owner and officer of corporation who "made all of the allegedly false representations"); *Pontier v. Pontier*, 165 B.R. 797, 799 (Bankr. D. Md. 1994) ("A corporate office, director or employee . . . may nevertheless be held personally liable for his or her own fraudulent conduct committed on behalf of the corporation which causes injury to another."); *Tedrow v. Deskin*, 265 Md. 546, 550-51 (1972) ("The general rule is that corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body."). In light of this case law and the clear evidence that Mr. Beam and Mr. Zorn purposefully and intentionally committed fraud, plaintiff's motion to amend its counterclaims to assert claims against Mr. Beam and Mr. Zorn individually is brought in good faith.

\\\BA - 80667/0003 - 155788 v1

The amendment will not cause any unfair prejudice, even though discovery is nearly complete, the parties filed motions for summary judgment, and the Court's initial deadline for adding parties has passed.  No additional discovery will be required by the amendment because discovery in this action has focused on the actions of Mr. Beam and Mr. Zorn and whether they caused MCB and PSS to violate the parties' agreements by misusing WRCS's payments.  *See Potts v. City of Philadelphia*, 224 F. Supp. 2d 919, 926 n.1 (E.D. Pa. 2002) (allowing amendment to add defendants, despite delay, because additional discovery was not necessary because new defendants already were deposed).

Mr. Beam and Mr. Zorn, the majority owners of MCB and PSS, have controlled this litigation for Plaintiffs and have made their case through discovery and summary judgment memoranda that they were entitled to use WRCS's payments for their own, personal enrichment.  The proposed amendment concerns issues that have been the subject of full and complete discovery and that involve the exact same set of facts as does WRCS's previously asserted claims against MCB and PSS.  WRCS's proposed amendment merely seeks to conform WRCS's pleading to the evidence adduced during discovery, which is that Mr. Beam and Mr. Zorn personally committed fraud against WRCS.

In addition, there is little, if any difference between Mr. Beam and Mr. Zorn and their corporations, MCB and PSS.  Mr. Beam and Mr. Zorn are the majority owners of MCB and PSS and have the same counsel as MCB and PSS.  It

was Mr. Beam and Mr. Zorn who were the client representatives for MCB and PSS at the recent settlement conference and Mr. Zorn has attended a number of depositions, something he only could have done as a party representative. Mr. Beam and Mr. Zorn have had full control over the prosecution of MCB's and PSS's claims and the defense against WRCS's counterclaims, and will not be prejudiced by being added as counterclaim defendants now. *See United States v. Consolidation Coal Co.*, 184 F. Supp. 2d 723, 729 (S.D. Ohio 2002) (allowing amended pleading one eve of trial due to lack of prejudice; new party participated in discovery and was aware of claims against it).

  Mr. Zorn and Mr. Beam have participated fully and actively in this litigation. WRCS now is aware of the fully extent of Mr. Beam's and Mr. Zorn's personal and intentional acts of fraud and seeks to hold them personally liable, which is entirely appropriate under Maryland law. WRCS's motion for leave to amend its counterclaims should be granted because Mr. Zorn and Mr. Beam will not suffer prejudice by being added as counterclaim defendants and because no additional discovery will be necessary.

\\\BA - 80667/0003 - 155788 v1

## **CONCLUSION**

For these reasons, WRCS respectfully asks that the Court grant its motion for Leave to File Amended Answer and Counterclaims.

Dated:  May 15, 2003                                   Respectfully submitted,

                                                                        /s/
                                                       Mark D. Gately (F. B. No. 00134)
                                                       Steven F. Barley (F. B. No.  10049)
                                                       Robert A. Cohen (F. B. No.  25278)
                                                       HOGAN & HARTSON L.L.P.
                                                       111 South Calvert Street
                                                       Suite 1600
                                                       Baltimore, Maryland 21202
                                                       (410) 659-2700
                                                       (410) 539-6981 (fax)

                                                       Attorneys for Washington Regional
                                                       Cardiac Surgery, P.C.