IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| MCB MANAGEMENT SERVICES, LLC, et al., | * | |
| | * | |
|     Plaintiffs/Counterclaim Defendants, | * | |
| v. | * | Civil Action No. AMD-02-CV 525 |
| WASHINGTON REGIONAL, CARDIAC SURGERY, P.C., | * | |
| | * | |
|     Defendant/Counterclaim Plaintiff. | * | |

\*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| WASHINGTON REGIONAL CARDIAC SURGERY, P.C., | * | |
| | * | |
|     Defendant and Counterclaim Plaintiff, | * | |
| v. | * | |
| WILLIAM BEAM and CHARLES ZORN, | * | |
|     Counterclaim Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY OF COUNTERCLAIM DEFENDANTS TO DEFENDANT/COUNTERCLAIM
PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS OR, IN THE
<u>ALTERNATIVE, FOR A MORE DEFINITE STATEMENT</u>**

      William Beam and Charles Zorn (the "Counterclaim Defendants" or "Mr. Beam" and "Mr. Zorn"), by counsel, Paul-Michael Sweeney and Linowes and Blocher LLP, file this Reply

1

to the Defendant/Counterclaim Plaintiff's Opposition to their Motion to Dismiss or, in the Alternative, For More A Definite Statement (the "Motion"), and state as follows:

Washington Regional Cardiac Surgery, P.C. ("WRCS") is the Defendant and Counterclaim Plaintiff in this case. In its Amended Counterclaim, it attempts to set forth claims for fraud and related relief against Mr. Beam and Mr. Zorn, two of the principals of the Plaintiff/Counterclaim Defendants.

In their Motion, Mr. Beam and Mr. Zorn provide 49 specific examples of deficiently pled allegations of fraud. The Motion explains why these allegations are deficient and thus provides a simple and clear roadmap for a curative amendment. Instead, WRCS filed a reply that does nothing to address the deficiencies. This is particularly prejudicial in this case because Rule 9(b) of the Federal Rules was clearly designed to help protect these individuals from harm to their reputations. Pleading with particularity also ensures that defendants are provided with fair notice of a plaintiff's claims and also reduces the number of nuisance or strike suits. <u>Adams v. NVR</u>, 193 FRD 243, 2000 U.S. DIST. LEXIS 9324 at 13-14 (D. Md. 2000) citing <u>Lasercomb America, Inc. v. Reynolds</u>, 911 F.2d 970, 980 (4th Cir. 1990).

Rather than provide <u>any</u> substantive reply to the 49 deficient allegations, WRCS asserts that no additional particularity is required because the Court has already ruled. WRCS now also claims that the Court has ruled Linowes and Blocher LLP cannot serve as joint counsel for Mr. Beam and Mr. Zorn because they each must have separate counsel. <u>See</u> letter dated August 7, 2003 attached hereto as <u>Exhibit 1</u>. It appears that WRCS has mistaken colloquy between the bench and counsel for definitive rulings. Given that Mr. Beam and Mr. Zorn have only recently been added to this case, it would be unusual for WRCS' interpretation of the status of this case to be correct. Fortunately, the Order entered after the May 23, 2003, hearing provides some record

of the issues resolved by the Court. The Court even wrote that "[no] undue or unfair prejudice will redound to the detriment of the newly-joined defendants who shall be given ample opportunity to complete any and all discovery necessary to permit them to mount a comprehensive and robust defense."

Contrary to the arguments raised by WRCS, the Court has not disposed of the issues raised in the Motion. The Court simply rejected any summary disposition of the case and allowed the Amended Counterclaim to be filed. It did not and could not address the issues raised in the Motion. The Motion was not pending and Mr. Beam and Mr. Zorn were not parties to the case. The case is just beginning and, as a preliminary matter, now is the proper time to address the insufficiency of detail in the Complaint. A well pled complaint will serve to benefit all parties, the Court and, especially, the jury.

WRCS is unwilling or unable to cure the deficiencies in the Amended Counterclaim. Instead, they attempt to bootstrap other unspecified facts contained in its summary judgment pleadings as a "de facto" amendment to their Amended Counterclaim. Then, rather than making an effort to properly state their cause of action, they append such a voluminous amount of exhibits to their pleading that they cannot even electronically file all of them. In support of its half-hearted efforts, WRCS cites Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1989). Interestingly, the Fourth Circuit observed in Harrison that certain counts should be dismissed and stated:

> Harrison argues that the claim was always there in the documents filed with the complaint and that a court can consider these documents. See Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017 (5th Cir. 1966); United States ex rel. McCoy v. California Medical Review, Inc., 723 F. Supp. 1363, 1367 (N.D. Cal. 1989). **Even so, a court cannot be expected to parse through 1400 pages** of documents, as Harrison submitted to the District court below, in order to invent a claim whole cloth for the plaintiff. Second, to the extent that an allegation of a conspiracy to fraudulently sole source can be gleaned from his complaint (cf.

3

> Amended Complaint PP 27, 37), this allegation fails Rule 9(b)'s requirements since Harrison did not plead how solesourcing was accomplished in a fraudulent way, what false statements were made to induce solesourcing, when they were made, by whom, etc.  Therefore, insofar as Count 10 alleges a conspiracy to extend the ITP Training Contract by fraudulently-induced approvals for solesourcing, we refuse to consider this newly-raised and vaguely pled allegation.

176 F.3d 776 at 790 (emphasis added).  Similarly, WRCS is using a shotgun approach rather than specifically addressing the deficiencies in its causes of action.  Is this the best and most coherent statement of its case that it can muster?  If so, the Court should consider immediate dismissal of the Amended Counterclaim.

The <u>Harrison</u> case further supports Mr. Beam and Mr. Zorn's request for dismissal or a more definite statement because it reiterates the four purposes of Rule 9(b):

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of. …  Second, Rule 9(b) exists to protect defendants from frivolous suits.  A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery.  Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

<u>Id</u>. at 784.

Simply put, the standard under Rule 9(b) requires a complaint to be well pled with particularity.  The Amended Counterclaim does <u>not</u> satisfy the standard.

WRCS' other citation for support of their admittedly deficient complaint is <u>Bonilla v. Trebol Motors Corp</u>., 150 F.3d 77, 81 (1st Cir. 1998).  However, WRCS quotes the case out of context.  WRCS quotes <u>Bonilla</u> as follows:  "An amendment to the complaint to restate this information would be silly."  In fact, the whole sentence properly quoted states:  "***A remand at this stage to allow*** an amendment to the complaint to restate this information would be silly."  <u>Id</u>. at 81.  The First Circuit was reviewing the issue on appeal.  The Defendant/Counterclaim Plaintiff seems to have forgotten that this is just the beginning of this case.  This Court <u>can</u> timely set an organized and coherent path for the resolution of the Counterclaim.  It is not silly to

4

comply with established rules of pleading and to expect a clear and unambiguous complaint that can be answered clearly and succinctly by Messrs. Beam and Zorn. This is particularly true, given that WRCS has chosen to allege fraud, almost as an afterthought, very late in the prosecution of the case. The seriousness of the allegation requires that Defendant/Counterclaim Plaintiff put some effort into supporting its allegations and not merely rely on a "boot and suspenders approach" which results only in general accusations and unspecified allegations of fraud. Assuming that WRCS can allege the particularity that is required, a well pled complaint will allow the parties to focus their discovery efforts and avoid the waste of legal and judicial resources.

Finally, WRCS, apparently admitting the deficiency of its pleading, asks this Court to treat its motion for summary judgment as a *de facto* supplement to the Amended Counterclaim for purposes of satisfying the specificity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. However, such relief is reserved for special circumstances. Bonilla v. Trebol Motors Corp., 150 F.3d 77, 81 (1st Cir. 1998). The defendants in Bonilla had first filed a motion for summary judgment to which the plaintiff filed an opposition. The Court in that case permitted the plaintiff's opposition to be treated as an amendment to the complaint. Id. See also, Elias Brothers Restaurants, Inc. v. Acorn Enterprises, Inc., 831 F. Supp. 920, 922 (allowing defendant's affidavit submitted in opposition to plaintiff's motion for summary judgment as a supplement to counterclaims asserted against the plaintiff).

In both of the cases cited herein, the special circumstances permitting such a *de facto* amendment to a complaint and counterclaim involved parties who had been included in the proceeding at the start. At this early stage, WRCS should not be permitted to rely on a summary judgment motion filed against different parties as a substitute for a poorly drafted complaint.

5

For the foregoing reasons, and for the specific reasons set forth in the Defendants' Motion and Memorandum in Support, the Amended Counterclaims should be dismissed.[1]  In the alternative, WRCS should be required to make a more definite statement of the time, place, contents of the false representations, the identity of the person making the misrepresentation, to whom the misrepresentation was made, what that person obtained as a result of making such misrepresentation, and any other facts that will enable the Counterclaim Defendants to prepare an adequate answer, to protect them from frivolous suit, and prevent them from suffering accusations of fraud while WRCS searches for a scapegoat to explain its own breach of the contract.

        Respectfully submitted,

        LINOWES AND BLOCHER LLP


        /s/ Paul-Michael Sweeney
        Paul-Michael Sweeney (FB 07072)
        Carrie B. Weinfeld (FB 25365)
        7200 Wisconsin Avenue, #800
        Bethesda, MD  20814
        301-961-5119

        Counsel for Counterclaim Defendants

---

[1] WRCS asserts that Mr. Beam and Mr. Zorn are in default as to Count IV (Negligent Misrepresentation) because they did not file a motion to dismiss under Rule 12(b).  Such is not the case.  Obviously, several portions of the Motion and Memorandum in Support have been overlooked or ignored by WRCS:

"For the reasons set forth below, the Court should immediately dismiss the Counterclaims against Mr. Beam and Mr. Zorn as these counts [fail] to state a claim upon which relief may be granted."  Memorandum, p. 2.

"I.  The Amended Counterclaims should be Dismissed Under Federal Rules of Civil Procedure 9(b) and 12(b)(6)."  Memorandum, p. 2.

"COUNT IV (Negligent Misrepresentation – Money Damages) (Against MCB, PSS and Mr. Beam)" (and continuing to set forth the specific deficiencies in paragraphs 83 through 87 of the Amended Counterclaims).  Memorandum, pp. 16-17.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August, 2003, a copy of the foregoing Reply to the Defendant/Counterclaim Plaintiff's Opposition to their Motion to Dismiss was served by electronic mail and by first class mail, postage prepaid, on:

>Gerald P. Martin, Esq.
>Martin, Snyder & Bernstein, P.A.
>217 E. Redwood Street
>Baltimore, MD  21202
>
>Mark D. Gately, Esq.
>Steven F. Barley, Esq.
>Robert A. Cohen, Esq.
>Hogan & Hartson, LLP
>111 South Calvert Street, #1600
>Baltimore, MD  21202

>/s/ Paul-Michael Sweeney
>Paul-Michael Sweeney

IMANAGE:340751 v.2  05641.0001 Curr:  08/22/03  12:21pm
Orig: 8/22/03 12:01:03 PM   Ed: 8/22/03